1

2

3                          UNITED STATES DISTRICT COURT

4                               DISTRICT OF NEVADA

5                                      * * *

6     BARTLEY S. BACKUS,                        Case No. 3:19-cv-00226-MMD-CLB

7                                Plaintiff,                    ORDER
            v.
8

9     AARON FORD,
      Nevada Attorney General,
10

                                 Defendant.
11

12    **I.    SUMMARY**

13          Plaintiff filed this *pro se* civil rights action against Nevada Attorney General Aaron

14    Ford under 42 U.S.C. § 1983. Before the Court is Defendant's motion to dismiss

15    ("Motion").[1] (ECF No. 10.)

16    **II.   BACKGROUND**

17          The following background facts are adapted from the Complaint. (ECF No. 1.)

18    Plaintiff alleges that he has been eavesdropped and assaulted by radio signals for years

19    while traveling throughout Nevada, causing him injuries. (ECF No. 1 at 3, 5.) He alleges

20    that he reported this to law enforcement, government agencies, and state and federal

21    representatives, but he has received no help. (*Id.* at 4.) Plaintiff claims that Defendant

22    violated his Fourth Amendment right against unreasonable searches and seizures, the

23    Thirteenth Amendment's prohibition of slavery, and the Due Process and Equal

24    Protection Clauses under the Fourteenth Amendment. (*Id.* at 5-8.)

25    ///

26    ///

27

28          [1]The Court has reviewed Plaintiff's opposition to the Motion ("Opposition") (ECF
      No. 14) and Defendant's reply (ECF No. 16).

1  **III.    LEGAL STANDARD**

2       A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

3  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a

4  short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

5  R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule

6  8 does not require detailed factual allegations, it demands more than "labels and

7  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

8  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

9  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

10  U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

11  factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678

12  (internal citation omitted).

13       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

14  apply when considering motions to dismiss. First, a district court must accept as true all

15  well-pled factual allegations in the complaint; however, legal conclusions are not entitled

16  to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action,

17  supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district

18  court must consider whether the factual allegations in the complaint allege a plausible

19  claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges

20  facts that allow a court to draw a reasonable inference that the defendant is liable for the

21  alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer

22  more than the mere possibility of misconduct, the complaint has "alleged—but not

23  shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

24  When the claims in a complaint have not crossed the line from conceivable to plausible,

25  the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

26       Particular care is taken in reviewing the pleadings of a *pro se* party, for a more

27  forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627

28  F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an

1  essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th

2  Cir. 1992).

3  **IV.    DISCUSSION**

4  Defendant contends and the Court agrees that the Complaint fails to connect

5  Defendant to the radio signals that Plaintiff has heard. (ECF No. 10 at 5.) Absent such

6  connection, Plaintiff cannot state a claim against defendant. Indeed, the Complaint only

7  mentions Defendant's name once on the cover page. (ECF No. 1 at 1.) Accordingly, the

8  Complaint fails to set forth a plausible claim for relief against Defendant.

9  If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the

10  complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot

11  be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). Because it is clear

12  that amendment is futile, the Court declines to grant leave to amend.

13  In his Opposition, Plaintiff suggests that his sole allegation against Defendant is

14  for refusing to investigate and prosecute Plaintiff's claims when Plaintiff forwarded copies

15  of his complaints to the Attorney General's office and later called the office to complain to

16  a John Berrier.[2] (ECF No. 14 at 2-3.) Even if Plaintiff amended his Complaint to include

17  that allegation, there is no statutory or common law right to an investigation. *See Fisher*

18  *v. Smith,* No. CV-07-08109-MMM-RCX, 2008 WL 11409586, at *4 (C.D. Cal. Mar. 24,

19  2008) (collecting cases).

20  Nor has Plaintiff alleged or suggested any facts that would give rise to a "special

21  relationship" between him and Defendant that would obligate Defendant to protect Plaintiff

22  from the radio signals. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir.

23  1988) (holding that the existence of a special relationship depends on factors that include

24  whether: (1) the state created or assumed a custodial relationship towards the plaintiff;

25  (2) the state affirmatively placed the plaintiff in danger; (3) the state was aware of a

26

27  [2]Plaintiff cannot allege his claims for relief in his Opposition. Instead, he must allege them in his Complaint or in a document attached as an exhibit to his Complaint.

28  Fed. R. Civ. P. 10. However, Plaintiff's allegation assists this Court in predicting how Plaintiff would amend his Complaint for purposes of determining whether leave to amend should be granted. As such, the Court will address Plaintiff's allegation in the Opposition.

1  specific risk of harm to the plaintiff; or (4) the state affirmatively committed itself to the

2  protection of the plaintiff).

3  Moreover, nowhere does Plaintiff allege or suggest that Defendant personally

4  participated in violating Plaintiff's constitutional rights, that Defendant directed his

5  subordinates to commit the violations or that he knew of the violations and failed to act to

6  prevent them. *See Rowe v. Aranas*, No. 3:16-cv-00535-MMD-VPC, 2018 WL 4088019,

7  at *3 (D. Nev. Aug. 27, 2018) (citing to *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

8  Instead, Plaintiff spends an inordinate amount of his Complaint and Opposition discussing

9  miscellaneous individuals who have no discernible connection with Defendant.

10  "It would be a misuse of judicial resources to continue the case where it is wholly

11  without merit. As the [C]ourt has the ability to grant leave to amend 'when justice so

12  requires,' Fed. R. Civ. P. 15(a)(2), this case does not present a situation when leave

13  would be appropriate." *Wallace v. Romney*, No. 3:12-CV-00167-MMD, 2013 WL

14  2153107, at *2 (D. Nev. May 16, 2013) (dismissing complaint without leave to amend

15  where plaintiff made fanciful allegations of a conspiratorial religious order seeking to take

16  over the United States).

17  In sum, the Court dismisses Plaintiff's Complaint with prejudice and without leave

18  to amend.

19  **V.    CONCLUSION**

20  The Court notes that the parties made several arguments and cited to several

21  cases not discussed above. The Court has reviewed these arguments and cases and

22  determines that they do not warrant discussion as they do not affect the outcome of the

23  issues before the Court.

24  It is further ordered that Defendant's motion to dismiss (ECF No. 10) is granted.

25  Plaintiff's Complaint is dismissed with prejudice.

26  ///

27  ///

28  ///

1    The Clerk of Court is directed to enter judgment in Defendant's favor in accordance

2  with this order and close this case.

3         DATED THIS 25th day of October 2019.

4  _____
   MIRANDA M. DU

5  CHIEF UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28